IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HAMMADUZZAMAN SYED,<br><br>Defendant. | 8:21CR57<br><br>**ORDER** |

This matter is before the Court on defendant Hammaduzzaman Syed's ("Syed") Petition Pursuant to 28 U.S.C. § 2255 for a Writ of Habeas Corpus, and Motion to Vacate/Set Aside the Petitioner's Conviction and Sentence, and Request for an Evidentiary Hearing (Filing No. 115). On December 14, 2021, Syed was charged pursuant to a Superseding Indictment with attempting to solicit a minor, in violation of 18 U.S.C. § 1594(a) (Filing No. 43). After a trial in March 2022, a jury found him guilty of that offense. On July 26, 2022, the Court sentenced him to 10 years imprisonment followed by 5 years of supervised release.

Syed promptly appealed his conviction to the Eighth Circuit (Filing No. 86). The Eighth Circuit dismissed the appeal, finding the record was not sufficiently developed to evaluate his claim that his trial "counsel was ineffective for failing to request an entrapment instruction and object at various points during trial." *United States v. Syed*, 2023 WL 4881459, at *1 (8th Cir. Aug. 1, 2023) (unpublished per curiam). He was instead advised that his claim would "have to be litigated, if at all, in a motion brought under 28 U.S.C. § 2255." *Id*.

This motion timely followed. *See* 28 U.S.C. § 2255(f) (providing that a motion under § 2255 must be brought within a year of the "date on which the judgment of conviction becomes final"); *Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that

a defendant's "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). In his motion for relief under § 2255, Syed again argues that his right to counsel under the Sixth Amendment to the United States Constitution was violated due to the ineffective assistance of his trial counsel. As before, he asserts that his counsel failed to properly object to evidence and arguments introduced by the government and request an entrapment instruction.

The Court finds that Syed's claim raises a potentially colorable ground for relief under 28 U.S.C. § 2255. The United States Attorney is therefore ordered to respond to Syed's motion by March 29, 2024. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b) (requiring the Court to complete a prompt initial review of a petitioner's § 2255 motion and order the United States Attorney to respond to the motion or take other action unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief").

IT IS SO ORDERED.

Dated this 27th day of February 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge